## Ball et al. v. Consolidated Realty Co. et al.

(Decided Nov. 15, 1932.)

MARTIN T. KELLY for appellants.

CHARLES E. HERD for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN —Affirming.

On the 18th day of September, 1905, Thomas R. Renfro executed and delivered to J. F. and Sallie E. Ball, trustees for Ira, Floyd, Alva Ball, and other issue of the trustees, a deed for a lot or parcel of land in or near the city of Middlesboro containing 4.56 acres. The deed contained the following provisions and conditions:

"This property is conveyed to J. F. Ball and Sallie E. Ball in trust for the use and benefit of Ira Ball, Floyd Ball, Alva Ball, and other heirs and issues of J. F. Ball and Sallie E. Ball, to be held by said Trustees for their benefit and said trustees are empowered to sell any or all of said real estate on such terms and prices as to them may seem proper at any time and said J. F. Ball and Sallie E. Ball, are hereby vested with a life estate in said land and lots herein described and accept this trust charged with same."

Ira Ball died in the year 1922, intestate and without issue, but survived by a widow, Lillian Ball, who thereafter intermarried with one Gastineau and who joins as a party plaintiff in this action.

In July, 1931, this action in equity was instituted in the Bell circuit court by Floyd Ball, Alva Ball, and Lillian Ball Gastineau against the Consolidated Realty Company, a corporation, J. F. Ball, Sallie E. Ball, and eleven others who had purchased portions of the land described in the deed. After setting out the facts above stated and a description of the property and the quoted provisions of the deed, it is alleged in substance that the property was held by the trustees under the deed for the benefit of plaintiffs until July 1, 1929, when the trustees executed to the defendant corporation a deed by the terms of which they conveyed to the corporation the land in question for the purpose of selling and conveying same under a plan and subdivision of lots as an addition to the city of Middlesboro; that acting under the latter deed, the grantee therein did sell and convey to the other eleven defendants named in the petition certain portions of the land; that under the latter deed the grantors only conveyed their life estate in the land, and no right, title, or interest of plaintiffs passed by the deed; that the grantors had no right or authority under the deed or trust to them to delegate any of their powers as trustees or to invest the power of selling in the grantees, and their attempt to do so was in violation of the trust and was void and of no effect as to plaintiffs.

Like allegations were made as to the deeds made by the Consolidated Realty Company to the defendants who had purchased portions of the land, it being alleged that such purchasers had no other or greater estate in the land than the life estate of J. F. and Sallie E. Ball; that the conveyance was without the consent of plaintiffs and a fraud upon their rights; that the purchasers of the lots are claiming to own the whole interest therein, adverse to the rights of plaintiffs:

The relief asked by the prayer is that the deeds be set aside and held for naught in so far as they attempt to convey any estate or interest in the land greater than a life estate, and that plaintiffs be adjudged owners in fee in the remainder after the death of J. F. and Sallie E. Ball. A certified copy of the deed from Renfro to the Balls was filed by plaintiffs

and by order of the court made a part of the record, but neither the deed from the Balls to the Consolidated Realty Company nor any other deeds referred to in the petition were filed or made a part of the record.

Defendants interposed a general demurrer to the petition which was sustained, and upon the refusal of the plaintiffs to further plead, it was adjudged that their petition be dismissed and that they take nothing thereby. They have appealed.

That the deed from Renfro invested the Balls, as trustees, with unqualified and absolute power to sell and convey the land upon such terms and prices as they might deem proper, is not called in question. It is, however, most vigorously maintained by their counsel in brief that the trustees could not delegate to another authority to administer any of the powers granted by the trust, and counsel furthermore asserts that the conveyance from the Balls to the Consolidated Realty Company was an attempt to delegate to the latter authority to exercise duties in connection with administration of the trust which called for the use of judgment, reason, and discretion and therefore was and is void, and at most amounted only to a conveyance of the life estate of the Balls. It is admitted with commendable frankness that trustees may appoint agents or attorneys to discharge purely ministerial duties in connection with a trust.

As contended by counsel for appellants, we find the general rule to be that trustees cannot delegate their powers and duties to others in the absence of express authority for such purpose in the instrument creating the trust. Perry on Trusts (7th Ed.) sec 287. However, that section apparently relates to the appointment of a new trustee to take the place of the one designated in the instrument. The weight of authority is also to the effect that the trustee may not delegate to others powers which involve personal judgment and discretion. Perry on Trusts, sec. 408; Jesseph et al. v. Carroll et al., 126 Wash. 661, 219 P. 429, 431; Coleman et al. v. Connolly, 242 Ill. 574, 90 N. E. 278, 134 Am. St. Rep. 347.

However, in Jesseph v. Carroll, supra, it is said:

"But the rule extends only to the delegation of the personal discretion and judgment; it does not extend to the means by which the discretion is

carried into execution. As is said by Mr. Perry in his work on Trusts and Trustees (6th Ed.) vol. 1, sec. 409:

"'But it must be observed that the appointment of any attorney, proxy, or agent is not necessarily a delegation of the trust. The trustee must act at times through attorneys or agents, and if he determines in his own mind how to exercise the discretion, and appoints * * * instruments to carry out his determination, he cannot be said to delegate the trust, even though deeds or other instruments are signed by attorneys in his name. So, if he gives instructions to his attorneys and agents how to act, it cannot be said to be a delegation of the trust.'"

In the latter case, the validity of a chattel mortgage executed to secure an indebtedness created by the trustee was attacked on the ground that it was executed by an attorney for the trustee. It was held that inasmuch as the record disclosed that the trustee arranged for the loan, executed notes evidencing the indebtedness, the act of the attorney was only ministerial and therefore not a delegation of any power of the trustee within the meaning of the rule invoked.

In the case of McClure v. Middletown Trust Company, 95 Conn. 148, 110 A. 838, 840, it is said:

"While the trustee may not delegate his duties and powers to others, it is obvious that he must act frequently through agents or attorneys. This is not a delegation of his powers, for the trustee remains responsible for the reasonable diligence of his agent or attorney. He must select his agents with reasonable care, and he must supervise their acts with the same care. Donaldson v. Allen, 182 Mo. 626, 650, 81 S. W. 1151.

"Whether in a given case the trustee will be justified in intrusting a specific part of the administration of the trust to an agent must depend upon whether such act would be the act of the reasonably prudent trustee in a similar situation."

Viewing this record in the light of the authorities cited and others which we have examined and to which attention has been called by counsel, it cannot be said that in procuring purchasers and executing conveyances

462

for portions of the land sold, the trustees delegated or attempted to delegate any powers conferred by the trust except such as were purely ministerial.

The petition merely charges that they conveyed the land to the realty company, as trustee, for the purpose of selling and conveying the property under a plan and subdivision of lots. The consideration and other conditions and provisions of the deed are not set out, and it is not charged, nor is it made to appear, that the trustees surrendered or delegated any right of supervision or control over the sale and conveyance of the land or over the terms and conditions in the deeds made to purchasers, but in effect merely constituted them agents to perform ministerial duties in connection with selling and conveying the property. It is not shown that the trustees failed to act with reasonable prudence and diligence in the selection of their agent or that they did not properly supervise and control its acts.

Following a general rule for testing the sufficiency of a pleading on demurrer, it is manifest that the court did not err in sustaining the demurrer.

Judgment affirmed.